UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| IN RE: TEINA MARI LIONETTI | CASE NO. SA CV 18-0482-MWF |
|---|---|
| | ORDER ON APPEAL REVERSING THE BANKRUPTCY COURT |

Before the Court is an appeal from the United States Bankruptcy Court (the Honorable Theodor C. Albert, United States Bankruptcy Judge). Defendant and Appellant, Teina Mari Lionetti ("Lionetti"), appeals from the Bankruptcy Court's Order Denying Defendant's Motion for Attorneys' Fees Pursuant to 11 U.S.C. Section 523(d), entered on February 20, 2018.

Lionetti filed an Amended Opening Brief on May 7, 2018. (Docket No. 14). Plaintiff and Appellee The Law Offices of Steven H. Marcus (the "Law Firm") filed a Response Brief on June 6, 2018. (Docket No. 16). Lionetti filed a Reply Brief on June 20, 2018. (Docket No. 19).

The Court held a hearing on December 11, 2018.

For the reasons discussed below, the Bankruptcy Court's Order Denying Defendant's Motion for Attorneys' Fees is **REVERSED**.

## I. BACKGROUND

In early 2011, Lionetti was referred to the Law Firm in connection with her divorce proceeding. On January 25, 2011, she visited the Law Firm's office. During that meeting, Lionetti explained she had limited income and outstanding debts, including a $50,000 debt owed to her prior attorney. (Appendix in Support of Appellant's Opening Brief ("AA") at 623 (Docket No. 13)). At the meeting, the Law Firm presented Lionneti with an Engagement Letter that set forth the Law Firm's representation of Lionetti in the divorce proceeding, and purported to grant a charging lien to the Law Firm with respect to any recovery from the divorce proceeding. (*Id.* at 624). Lionetti signed the Engagement Letter at the meeting that day, and paid the Law Firm a retainer fee of $10,000 using three separate credit cards. (*Id.*).

During the course of the representation, Lionetti advised the Law Firm she was considering bankruptcy, and the Law Firm provided a referral for bankruptcy counsel. (*Id.*). Lionetti also expressed concern about mounting legal bills in the divorce proceeding. (*Id.*).

In January 2014, the court presiding over the divorce proceedings determined that Lionetti's ex-husband's 401(k) holding $272,278.98 was the sole and separate property of Lionetti. (*Id.*). In April 2014, the funds in the 401k were transferred to Lionetti's individual retirement account. (*Id.*). The legal fees owed to the Law Firm for its representation in the divorce proceeding were approximately $150,000. (*Id.*).

In February 2015, Lionetti filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"). (*Id.* at 605). In May 2015, the Law Firm filed a Complaint against Lionetti, seeking a judgment for $150,248.25, plus interest; a ruling that those costs are non-dischargeable under 11 U.S.C. § 523(a)(2)(A); a judgment for allowance and recovery of attorneys' fees and costs; and a ruling that the Law Firm

1 holds an enforceable charging lien against the property of Lionetti and her estate. (*Id.* at 11).

On August 30, 2017, Lionetti filed a Motion for Summary Judgment (the "Summary Judgment Motion"), seeking judgment on each claim asserted in the Complaint. (*Id.* at 102). After briefing from both parties, the Bankruptcy Court published a Tentative Ruling granting the Summary Judgment Motion. (*Id.* at 620). On November 29, 2017, the Bankruptcy Court entered an order adopting its Tentative Ruling granting the Summary Judgment Motion and its statements at the hearing held on November 9, 2017. (*Id.* at 671).

On December 13, 2017, Lionetti filed a motion seeking $80,000 in attorneys' fees pursuant to 11 U.S.C. § 523(d) (the "Fee Motion"). (*Id.* at 673). After briefing from both parties, the Bankruptcy Court published a Tentative Ruling denying the Fee Motion. (*Id.* at 1169). The Bankruptcy Court held a hearing on January 25, 2018, at which it indicated that it intended to adopt the Tentative Ruling. (*Id.* at 1186). On February 20, 2018, the Bankruptcy Court entered an order adopting the Tentative Ruling and its statements at the hearing, denying the Fee Motion. (*Id.* at 1189).

## II. STANDARD OF REVIEW

The Court reviews for abuse of discretion a bankruptcy court's decision to award fees under section 523(d) of the Bankruptcy Code. *Heritage Pac. Fin., LLC v. Edgar (In re Montano)*, 501 B.R. 96, 105 (B.A.P. 9th Cir 2013). "A bankruptcy court abuses its discretion if it applies an incorrect legal standard or misapplies the correct legal standard, or if its fact findings are illogical, implausible or not supported by evidence in the record." *In re City of Stockton, Cal.*, 542 B.R. 261, 272 (B.A.P. 9th Cir. 2015).

## III. DISCUSSION

Section 523(d) of the United States Bankruptcy Code provides, "If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust." 11 U.S.C. 523(d).

As a preliminary matter, the Law Firm argues that former Rule 7008(b) of the Federal Rules of Bankruptcy Procedure required Lionetti to include a separate claim for relief for attorneys' fees in her Answer and that, because she only included a prayer for relief for attorneys' fees, the Fee Motion could not have been brought in the first place. (Response Br. at 31-33). However, as Lionetti correctly highlights, Rule 7008 was amended in 2014 to remove this special pleading requirement. *See* Fed. R. Bankr. P. 7008 advisory committee's notice to 2014 amendment ("The rule is amended to delete subdivision (b), which required a request for attorney's fees always to be pleaded as a claim in an allowed pleading.").

In denying the Fee Motion, the Bankruptcy Court concluded that it "cannot determine on this record that there was no substantial justification for the action," since "[t]he court cannot say that the inferential approach in cases like *Dougherty* in proving intent outside the credit card context is so wholly inappropriate as to have been without substantial justification or at least arguable justification." (AA at 1195-96).

Lionetti challenges the Bankruptcy Court's conclusion in two respects:

*First*, Lionetti argues that the Bankruptcy Court erred by applying the wrong legal standard when considering whether the Law Firm was substantially justified, applying a disjunctive rather than conjunctive test. (Opening Br. at 19-21).

4

***Second***, Lionetti argues that the Bankruptcy Court erred by improperly placing the burden on Lionetti to show lack of substantial justification. (*Id.* at 22).

In order to prevail on a motion for attorneys' fees under section 523(d), a debtor must prove that: (1) the creditor requested a determination of the dischargeability of the debt, (2) the debt is a consumer debt, and (3) the debt was discharged. *See Stine v. Flynn (In re Stine)*, 254 B.R. 244, 249 (B.A.P. 9th Cir. 2000), *aff'd*, 19 F. App'x 626 (9th Cir. 2001). "Once the debtor establishes these elements, the burden shifts to the creditor to prove that its actions were substantially justified" or that special circumstances exist. *Id.* "A creditor is 'substantially justified' in bringing a § 523(a)(2) claim if the claim has a 'reasonable basis both in law and in fact.'" *Bushkin v. Singer (In re Bushkin)*, No. 2:11-BK-43502-DS, 2016 WL 4040679, at *6 (B.A.P. 9th Cir. July 22, 2016) (citing *First Card v. Hunt (In re Hunt)*, 238 F.3d 1098, 1103 (9th Cir. 2001)).

The parties do not appear to argue that the Bankruptcy Court erred in its determination that the three *Stine* elements are met. Therefore, the Court limits its analysis to the issue of substantial justification.

Lionetti argues that the Bankruptcy Court erred by applying the wrong legal standard to determine substantial justification, using a "reasonable basis in law ***or*** fact" standard instead of the more demanding "reasonable basis in law ***and*** fact" standard. (Opening Br. at 19-20). In support, Lionetti relies on *Hunt*, where the Ninth Circuit used a "reasonable basis both in law and in fact" standard. 238 F.3d at 1103. There, the Ninth Circuit explained that section 523(d) was modeled on the attorneys' fees provision in the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and that the standard for a fee award under section 523(d) is the same as the standard under EAJA. *Id.* The Ninth Circuit further explained that the Supreme Court has interpreted the "substantially justified" standard in the EAJA "as requiring that a claim have a reasonable basis both in law and in fact." *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

5

In response, the Law Firm contends that the Ninth Circuit's decision in *Hunt* relied upon *First Card v. Carolan (In re Carolan)*, where the BAP observed that it "[has] held that the filing or the prosecution of a nondischargeability complaint is substantially justified for purposes of § 523(d) if the creditor had a reasonable basis in law *or* fact, or special circumstances existed." 204 B.R. 980, 987 (B.A.P. 9th Cir. 1996) (emphasis added). Therefore, the Law Firm argues, Lionetti relies upon a "misinterpretation of the Ninth Circuit's decision in *In re Hunt*; ignoring the BAP's expressed holding in *In re Carolan*." (Response Br. at 23).

The Court disagrees. As Lionetti highlights, after *Hunt*, the BAP has consistently applied the "both in law and in fact" standard articulated by the Ninth Circuit. *See In re Montano*, 501 B.R. at 116 ("a creditor must show that its claim had a reasonable basis both in law and in fact"); *Heritage Pac. Fin., LLC v. Machuca (In re Machuca)*, 483 B.R. 726, 734 (B.A.P. 9th Cir. 2012) (creditor must "demonstrate that it had a reasonable factual and legal basis for its claim"). Furthermore, to the extent the Law Firm argues that there is a conflict between *Carolan* and *Hunt*, this Court is bound by the legal standard adopted by the Ninth Circuit.

Lionetti also argues that the Bankruptcy Court erred when it improperly placed the burden on Lionetti to show that the Law Firm was not substantially justified. (Opening Br. at 22). The Law Firm does not appear to dispute Lionetti's argument in its papers, nor did the Law Firm appear to dispute this argument at the hearing.

It is unclear from the Bankruptcy Court's ruling on the Fee Motion whether it placed the burden on Lionetti to show lack of substantial justification. While the Bankruptcy Court appears to have assessed the Law Firm's argument that "it was substantially justified in bringing the dischargeability proceeding because of its interpretation of the holding in *In re Kirsh*," the Bankruptcy Court also explained that it "cannot determine on this record that there was no substantial justification for

6

the action." (AA at 1194, 1196). Under Ninth Circuit precedent, the burden is on the Law Firm to show that it *was* substantially justified in pursuing its claim, not on Lionetti to show that "there was no substantial justification for the action." (*Id.* at 1196); *see In re Hunt*, 238 F.3d at 1103 ("[T]he creditor bears the burden of proving that its position is substantially justified."). That the Bankruptcy Court found that it could not determine that there was no substantial justification is different than determining that the Law Firm had *shown* substantial justification. Here, it does not appear that the Bankruptcy Court made a determination one way or the other whether the Law Firm adequately demonstrated substantial justification in law and fact.

## IV.  CONCLUSION

For the reasons discussed above, the Court **REVERSES** the Bankruptcy Court's ruling on the Fee Motion and **REMANDS** this action to the Bankruptcy Court for further proceedings consistent with this decision.

IT IS SO ORDERED.

DATED: January 23, 2019.

MICHAEL W. FITZGERALD
United States District Judge

CC: Bankruptcy Court

7